# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARK DENNIS,**

                    **Plaintiff,**

**-vs-**                                            **Case No. 6:07-cv-1282-Orl-22DAB**

**MEADOWS PROPERTIES, INC., and**
**KEVIN MEADOWS,**

                      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT STIPULATION FOR ENTRY OF FINAL JUDGMENT (Doc. No. 40)**
>
> **FILED:**      **January 29, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff has proposed that the Court enter the tendered Judgment (Doc. No. 40-2) in this Fair Labor Standards Act case. With one alteration, the Court recommends approval of same.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their

employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

According to Plaintiff's Answers to Interrogatories, the settlement reflects that Plaintiff is receiving full compensation for his overtime claim of $4,700.00, and an additional $4,700 for liquidated damages. *See* Doc. No. 17. Payment in full is *per se* fair and reasonable. The papers also reflect an agreement to pay $6,000.00 for attorney's fees and $691.25 for costs. No breakdown of the hours or rate are provided. Although the amount of attorney's fees is much higher than usual for these cases, the Court finds the amount reasonable under the circumstances. The docket reflects that counsel engaged in motion practice and two mediations. As such, it is **respectfully recommended** that the amount be approved, provided that no part of Plaintiff's recovery be used to augment the fee allowance. *See Silva v. Miller,* 2009 WL 73164 (11th Cir. 2009) (unpublished).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 20, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy